Filed 1/24/14 (reposted same date to correct processing error)

# TO BE PUBLISHED IN THE OFFICIAL REPORTS

This opinion has been certified for publication in the Official Reports. It is being sent to assist the Court of Appeal in deciding whether to order the case transferred to the court on the court's own motion under rules 8.1000-8.1018.

# CERTIFIED FOR PARTIAL PUBLICATION*

## APPELLATE DIVISION OF THE SUPERIOR COURT

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | ) | No. BR 050810 |
| | ) | |
| Plaintiff and Respondent, | ) | (Metropolitan Trial Court |
| | ) | No. B717240) |
| v. | ) | |
| | ) | |
| ERICA SIMPSON, | ) | |
| | ) | |
| Defendant and Appellant. | ) | **OPINION** |
| | ) | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Metropolitan Trial Court, Deborah Christian, Judge. Reversed.

Erica Simpson, in pro. per., for Defendant and Appellant.

Michael N. Feuer, City Attorney, Debbie Lew, Assistant City Attorney, John R. Winandy, Deputy City Attorney, for Plaintiff and Respondent.

\* \* \*

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part III.B.

## I.  INTRODUCTION

Appellant and defendant Erica Simpson appeals the judgment of conviction following a court trial for crossing double yellow lines into a high-occupancy vehicle (HOV) lane, and for making an unsafe lane change.  (Veh. Code, §§ 21655.8, subd. (a), 21658, subd. (a), respectively.)  Pursuant to Government Code section 68081, the parties were provided with an opportunity to submit supplemental briefs addressing the issue of whether the trial court violated the separation of powers doctrine or its statutory authority by amending the complaint sua sponte to add the charge of making an unsafe lane change during the trial.

As discussed below in the published portion of this opinion, we reverse the judgment of conviction for making an unsafe lane change.  The court did not have authority on its own motion to amend the complaint to add the charge.  In the unpublished portions of this opinion, we reject defendant's arguments that the judgment should be reversed with respect to her conviction for crossing double yellow lines into an HOV lane.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On April 9, 2012, defendant was issued a citation for crossing double yellow lines into an HOV lane in violation of section 21655.8, subdivision (a).  Defendant signed a promise to appear in court on or before June 14, 2012.  Defendant requested and was provided a trial by written declaration.  The ticketing officer submitted a declaration concerning the infraction.  After being found guilty, defendant requested a trial de novo.

At the trial de novo on March 11, 2013, Los Angeles Police Department Officer Schoop testified that he observed defendant's vehicle traveling southbound on the 405 Freeway north of the Avalon exit.  Defendant changed lanes in front of the officer into the HOV lane, crossing over a set of clearly visible double yellow lines which were in good repair.  Defendant caused Schoop to brake suddenly in order to avoid a traffic collision.

Schoop testified that he originally wrote on the citation that the incident occurred "South of Avalon," but prior to defendant signing her promise to appear, he made a correction to the citation indicating that the violation occurred "North of Avalon." Defendant asked Schoop at trial why he wrote "south" in his declaration, and he responded that he "made a mistake." Defendant requested that the case be dismissed because her citation stated that the violation occurred south of Avalon, and she prepared her defense relying on the location specified in her citation. The court denied her request, pointing out that the court's copy of the citation provided that the location of the violation was north of Avalon. The court further stated that the correction on the original citation regarding the location must not have gone through the carbon paper onto defendant's copy of the citation.

The court told defendant that it was going to find her guilty, and asked Schoop whether defendant's lane change was unsafe. The officer responded, "Yes." The court then added the charge of making an unsafe lane change under Vehicle Code section 21658, subdivision (a), and found defendant guilty both of crossing double yellow lines into an HOV lane, and of making an unsafe lane change. The court imposed a fine, and defendant filed a timely notice of appeal.

## III. DISCUSSION

### A. The Court's Amendment to Add a Charge

An infraction is a criminal matter subject generally to the provisions applicable to misdemeanors, except for the right to a jury trial, the possibility of confinement as a punishment, and the right to court-appointed counsel if indigent. (Pen. Code, §§ 16, 19.6.) A written notice to appear filed with the trial court constitutes a complaint charging a person with an infraction. (Veh. Code, § 40513, subds. (a), (b).) A complaint may be amended at any stage of the proceedings, so long as "the amendment does not prejudice the substantial rights of the defendant [citations]." (*People v. Valles* (1961) 197 Cal.App.2d 362, 371.) "An amendment may be made even at the close of trial where no prejudice is shown. [Citations.]" (*People v. Witt* (1975) 53 Cal.App.3d 154, 165.)

3

Penal Code section 1009 only allows a court to "order or permit . . . the filing of an amended complaint," meaning that only a prosecutor may amend a complaint. In the present case, the court did not grant a motion to amend by the prosecution, but rather *itself* amended the complaint by adding to the notice to appear the unsafe lane change violation. As such, it exceeded the statutory authority given to it by Penal Code section 1009. Moreover, as explained below, permitting a court *itself* to amend a notice to appear or a complaint would be unconstitutional based on a violation of separation of powers.

Article III, section 3 of the California Constitution provides: "The powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution." "It is well settled that the prosecuting authorities, exercising executive functions, ordinarily have the sole discretion to determine whom to charge with public offenses and what charges to bring. [Citations.] This prosecutorial discretion to choose, for each particular case, the actual charges from among those potentially available arises from '"the complex considerations necessary for the effective and efficient administration of law enforcement."' [Citation.] The prosecution's authority in this regard is founded, among other things, on the principle of separation of powers, and generally is not subject to supervision by the judicial branch. [Citations.]" (*People v. Birks* (1998) 19 Cal.4th 108, 134.) A court cannot authorize the institution of a criminal prosecution without the approval of the prosecutor. (*People v. Municipal Court (Pellegrino)* (1972) 27 Cal.App.3d 193, 204.) Thus, the trial court usurped the prosecutor's discretionary power to control the institution of criminal proceedings and violated the separation of powers by sua sponte adding a charge to the complaint.

We reject the People's argument in their supplemental brief that defendant failed to preserve the issue by not objecting on this ground in the trial court. Based on the court's action of ordering the amendment and immediately thereafter finding defendant guilty, we find defendant did not have the opportunity to object, and, in any event, because the issue raised "involve[s] only questions of law based on undisputed facts" (*People v. Rosas* (2010) 191 Cal.App.4th 107, 115), we conclude that the issue is properly before us.

B.     *Contentions Regarding Crossing Double Yellow Lines Conviction* [Not Certified For Publication]

Defendant argues that the court failed to consider the evidence that the original citation stated that the violation occurred north of Avalon, but that her citation stated it occurred south of Avalon. We review a trial court's ruling admitting or excluding evidence for abuse of discretion. (*People v. Cortes* (2011) 192 Cal.App.4th 873, 908.) Defendant failed to show that the court did not consider the evidence. The court noted that defendant's citation and the one filed with the court were different, but found that the error was a result of the failure of Schoop's correction to the citation to transfer through the carbon paper.

Defendant argues that Schoop violated section 40500, subdivision (d) by altering the citation filed with the court. Section 40500, subdivision (d) makes it a misdemeanor for any person to alter or modify a citation prior to it being filed in court. We reject the argument because the court believed Schoop's testimony that he corrected the citation prior to having defendant sign the promise to appear, and therefore he did not violate this statute.

Defendant maintains on appeal that she has video proof that Schoop did not correct the citation prior to giving it to her. However, "documents and facts that were not presented to the trial court and which are not part of the record on appeal, cannot be considered on appeal. [Citation.]" (*Truong v. Nguyen* (2007) 156 Cal.App.4th 865, 882.)

Defendant further argues that the judgment should be reversed because Schoop made the correction in violation of requirements contained in the Los Angeles Police Department Manual that corrections be made by drawing a line through the error, accompanied by the initials

5

"VCC" ("Violator's copy corrected"), and the initials of the citing officer. Assuming arguendo that the Los Angeles Police Department's Manual so provides, and Schoop violated this requirement, we nevertheless reject defendant's argument because she cites no authority that a judgment should be reversed based on violation of a police manual. (Cal. Rules of Court, rule 8.928(a)(1)(A); *People v. Foote* (2001) 91 Cal.App.4th Supp. 7, 12-13.)

[The balance of the opinion is to be published.]

*IV. DISPOSITION*

The judgment of conviction for making an unsafe lane change is reversed. The judgment of conviction is affirmed regarding the conviction for crossing double yellow lines into an HOV lane.

**CERTIFIED FOR PARTIAL PUBLICATION**

Ricciardulli, J.

We concur.

Kumar, Acting P. J.

Keosian, J.

6